**SAO–SHEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 06–1654–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Lorna N. Graham, Assistant United States Attorney, Scranton, PA, for Respondent.

Present THOMAS J. MESKILL,
ROBERT D. SACK and ROBERT A.
KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of a petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Sao–Shen Chen, native and citizen of the People's Republic of China, seeks review of a March 29, 2006 order of the BIA denying his second motion to reopen his exclusion proceedings. *In re Sao–Shen Chen*, A72 460 308 (B.I.A. Mar. 29, 2006). The BIA had denied Chen's first motion to reopen on October 25, 1999, and on March 25, 1996, had affirmed the

February 28, 1994 decision of Immigration Judge ("IJ") Robert Weisel denying Chen's applications for asylum and withholding of deportation. *In re Sao–Shen Chen*, No. A72 460 308 (B.I.A. Mar. 25, 1996), *aff'g* No. A72 460 308 (Immig. Ct. N.Y. City Feb. 28, 1994). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citation omitted).

 The BIA did not abuse its discretion in denying Chen's motion as both time and numerically barred, when it was filed more than six years after the denial of his first motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Neither did the BIA abuse its discretion when it concluded that Chen's motion did not fall within an exception to these bars, specifically the exception for aliens who can demonstrate changed circumstances arising in the country of nationality, *see* 8 C.F.R. § 1003.2(c)(3)(ii), inasmuch as he failed to present evidence of any such change. Additionally, to the extent that he argues that the BIA abused its discretion in declining to exercise its authority to reopen his case *sua sponte*, this Court lacks jurisdiction to credit such an argument because the BIA's ability to do so is "entirely discretionary" and not subject to standards under which it could rationally be reviewed. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

The BIA concluded that the motion should be denied even if it were to reach the merits because Chen failed to demonstrate that his evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). His asylum claim was based on the allegation that his wife had been forcibly sterilized in 1992, his merits hearing was in 1994, and he failed to explain why he was unable to produce medical evidence of the sterilization, or a statement from his wife, before 2006. And even if such evidence had not been available at the time of the hearing, and accepting his claim that the evidence of his wife's deteriorating medical condition postdated his hearing, Chen failed to explain why he had not submitted any evidence, or made a more thorough effort to rebut the IJ's adverse credibility finding, along with his first motion to reopen in 1998. But since we conclude that the BIA properly denied the motion to reopen on procedural grounds, we have no need to address the issue on its merits.

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).